ALD-225                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1949
_____

JERRY SHRUBB,
                                    Appellant
                    v.

WARDEN, JEFFERSON COUNTY PRISON; DEPUTY WARDEN, JEFFERSON
COUNTY PRISON; JOHN DOES CORRECTIONAL OFFICER(S)/SERGEANT(S),
JEFFERSON COUNTY PRISON; PRIMECARE MEDICAL., INC. GLENNA
BODENHORN, R.N; CARRIE MITCHELL, L.P.N; CYNTHIA STRADOFSKY,
L.P.N.; CINDY CUNNINGHAM, PA
_____

On Appeal from the United States District Court
for the Western  District of Pennsylvania
(D.C. Civil No. 2-09-cv-01013)
District Judge:  Honorable Maureen P. Kelly, Magistrate Judge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: July 19, 2012)
_____

OPINION
_____

PER CURIAM.

1

Jerry Shrubb appeals pro se from the order of the United States District Court for the Western District of Pennsylvania granting Defendants' motion for summary judgment. Because the appeal is lacking in arguable merit, we will dismiss it under 28 U.S.C. §1915(e)(2).

**I.**

As the parties are familiar with the extensive procedural background of this case we will only briefly mention the procedural history. Shrubb is a Pennsylvania state prisoner. He filed suit against the warden and employees of Jefferson County Prison and medical personnel at the prison, alleging various federal and state law claims arising out of his fifteen-day confinement at the prison in 2007 while awaiting transfer to a State Correctional Institution. Richardson alleges that he was inappropriately placed on suicide watch and deprived of his anti-psychotic medications and his pain medication. While in custody, Shrubb underwent withdrawal from his medication, and suffered extended periods of severe hallucination in which he often could not distinguish what was real. He further alleges that, during his time on suicide watch, he was deprived of showers, physically and verbally abused, and forced to defecate on the floor.

On January 31, 2012, the District Court[1] granted the defendants' motions for summary judgment, finding that Shrubb had failed to exhaust his available administrative remedies and that the court no longer had jurisdiction over his state claims. This appeal followed.

---

[1] The parties consented to proceed before a Magistrate Judge under 28 U.S.C. §636(c).

We have appellate jurisdiction under 28 U.S.C. §1291, and because Shrubb is proceeding in forma pauperis, we review the appeal for possible dismissal under 28 U.S.C. §1915(e)(2). This Court's review is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment). An appeal must be dismissed under 28 U.S.C. §1915(e)(2) if it has no arguable basis in law or fact. Neitzke v.Williams, 490 U.S. 319 (1989).

**II.**

We agree with the court that Shrubb failed to exhaust his available administrative remedies. Exhaustion is required by 42 U.S.C. §1997(e) before an inmate suit can be maintained. Booth v. Churner, 532 U.S. 731, 739 (2001). Exhaustion of administrative remedies must be proper and in accordance with applicable regulations and policies, and noncompliance cannot be excused by the courts. Woodford v. Ngo, 548 U.S. 81, 83 (2006). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir.2004).

The Jefferson County Handbook provides a three-step process for grievances: 1) the inmate should first attempt to speak or write to staff about the grievance; 2) the inmate must submit a completed request form to the Deputy Warden stating the nature of the grievance, who will then provide a grievance form; and 3) the grievance form must be sent back to the Deputy Warden within fifteen days of the event on which the claim is based. Shrubb admits that he did not file a written grievance form although he did orally

3

complain to the officers. Shrubb claims that he was unable to file a grievance because he was in the middle of a "psychotic break." However, Shrubb had received a copy of the Inmate Handbook, and had properly submitted requests on other occasions during his stay at Jefferson County Prison. He argues that his oral complaints to the Defendants were sufficient to exhaust his administrative remedies. This is not so. Shrubb was aware of and had previously availed himself of the proper procedures, and could have done so for this grievance. Shrubb's failure to exhaust administrative grievances resulted in a procedural default.

Because the federal claims were dismissed before trial, the court properly dismissed the state law claims for lack of jurisdiction. Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citing Lovell Mfg. v. Export-Import Bank of the United States, 843 F.2d 725 (3d Cir. 1988)). In the present case the court correctly noted that, as the statutes of limitation on Shrubb's state law claims were tolled while the claim was pending in Federal Court, there were no further considerations that would warrant hearing the pendent state claims in federal court. The court was thus correct in dismissing the claims without prejudice.

In sum, because this appeal is lacking in arguable legal merit, we will dismiss it according to 28 U.S.C. §19158(e)(2).

4